# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| ADRIAN LAMAR COOK<br>　　LA. DOC #496971 | CIVIL ACTION NO. 5:15-cv-0227 |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| WARDEN BURL CAIN | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Adrian Lamar Cook, an inmate in the custody of Louisiana's

Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28

U.S.C. §2254 on February 4, 2015. Petitioner attacks his 2011 conviction for second degree

murder and the mandatory sentence of life without parole imposed by the First Judicial District

Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH**

**PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On February 15, 2011, petitioner was found guilty as charged of second degree murder.

On February 22, 2011, he was sentenced to life without benefit of parole.  His retained appellate

attorney argued the following assignments of error on direct appeal to the Second Circuit Court

of Appeals: (1) insufficient evidence to establish specific intent and insufficient evidence to

establish that the homicide was not committed in self defense; (2) trial court erred in allowing the

jury to see gruesome crime scene photographs; and, (3) trial court erred in allowing redirect

examination over defense objection. On January 25, 2012, the Second Circuit affirmed petitioner's conviction and sentence and mailed notice of judgment to counsel. [*State of Louisiana v. Adrian Lamar Cook*, 46,843-KA (1/25/2012), 86 So.3d 672; see also Doc. 1-2, Exhibit A, pp. 11-32.] On February 1, 2012, petitioner's attorney advised petitioner that the Court of Appeals had ruled against him. Counsel also advised petitioner of the 14 day deadline for applying for rehearing and the 30 day deadline for seeking further direct review in the Louisiana Supreme Court. [Doc. 1-2, Exhibit A, p. 34]

On February 9, 2012, petitioner's retained counsel filed an application for rehearing in the Second Circuit Court of Appeal. [Doc. 1-2, Exhibit A, pp. 1-9] On February 15, 2012, a five judge panel of the Second Circuit denied petitioner's application for rehearing. Two of the judges on the original panel, Judges Caraway and Sexton, wrote that they either "would not consider" or "would not consider, untimely." [Doc. 1-2, Exhibit A, p. 10] On February 21, 2012, petitioner's retained counsel advised petitioner that the application for rehearing had been denied.  He further advised that petitioner had a period of 30 days from that ruling within which to seek further review. [Doc. 1-2, Exhibit A, p. 35]

On March 15, 2012, petitioner's attorney filed an application for writs in the Louisiana Supreme Court.[1]  On June 22, 2012, the Supreme Court denied writs without comment. *State of Louisiana v. Adrian Lamar Cook*, 2012-0640 (La. 6/22/2012), 91 So.3d 969. [Doc. 1-2, Exhibit A, p. 33]

---

[1] Petitioner did not provide a copy of the writ application.  However, elsewhere he alleged that the pleading was filed on March 15, 2012. [Doc. 1-1, p. 7, "... appellate counsel took thirty days from the February 15, 2012, denial of Mr. Cook's [application for rehearing] and applied for Writs of Certiorari to the Louisiana Supreme Court on March 15, 2012..."

On May 21, 2013, petitioner filed a *pro se* application for post-conviction relief in the First Judicial District Court. Petitioner alleged two claims for relief – ineffective assistance of trial counsel for failing to object to the prosecutor's argument relative to the forfeiture of self-defense by drug dealers, and ineffective assistance of trial counsel for failing to object to Juror Lucy Watkins whose niece had been murdered or to object to Juror Georgia Booris who had a cousin who was the victim of a violent crime. [Doc. 1-1, p. 2; Doc. 1-2, Exhibit B, pp. 36-43] On November 25, 2013, the trial court denied the application for post-conviction relief. [Doc. 1-2, Exhibit B, pp. 44-45]

Petitioner sought further review in the Court of Appeals; on February 27, 2014, the Court of Appeals denied writs "... [o]n the showing made." [Doc. 1-2, Exhibit C, pp. 46-47] Thereafter, petitioner filed an application for writs in the Louisiana Supreme Court. On January 23, 2015, that court denied writs without comment. *State of Louisiana ex rel. Adrian Lamar Cook v. State of Louisiana*, 2014-0643 (La. 1/23/2015), — So.3d —, 2015 WL 1013112. [Doc. 1-2, Exhibit D, pp. 48-49]

Petitioner filed the instant petition on February 4, 2015; he argues the following claims for relief (1) petitioner is entitled to equitable tolling of the AEDPA limitations period because of attorney error in filing a late application for rehearing on direct appeal; (2) ineffective assistance of counsel based on counsel's failure to object to erroneous jury instruction concerning the claim of self defense; (3) ineffective assistance of counsel for failing to object to two instances of jury bias; and (4) insufficiency of the evidence.

3

***Law and Analysis***

***1. Limitations – 28 U.S.C. §2244(d)(1)(A)***

Petitioner concedes that his petition is untimely by virtue of the provisions of 28 U.S.C. §2244(d).  Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-

---

[2] Petitioner does not argue, nor does it appear that any State-created impediments prevented the filing of this petition. Further, petitioner does not argue, nor does it appear that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, petitioner does not argue, nor does it appear that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

As previously noted, petitioner appealed his conviction to the Second Circuit Court of Appeals. On January 25, 2012, the Second Circuit affirmed his conviction and sentence and mailed notice of judgment to counsel. [*State of Louisiana v. Adrian Lamar Cook*, 46,843-KA (1/25/2012), 86 So.3d 672. See also Doc. 1-2, Exhibit A, pp. 11-32.] On February 1, 2012 petitioner's attorney advised petitioner that the Court of Appeals had ruled against him. Counsel also advised petitioner of the 14 day deadline for applying for rehearing and the 30 day deadline for seeking further direct review in the Louisiana Supreme Court. [Doc. 1-2, Exhibit A, p. 34]

Under Louisiana law, petitioner had 14 days from January 25, 2012 or until February 8, 2012, to file a timely application for rehearing. As noted by petitioner, and confirmed by the exhibit provided, his attorney waited until February 9, 2012, before filing the application for rehearing. [Doc. 1-2, Exhibit A, pp. 1-9]

As would be expected, on February 15, 2012, a five judge panel of the Second Circuit denied petitioner's application for rehearing. Judges Caraway and Sexton opined that they either "would not consider" or  "would not consider, untimely." [Doc. 1-2, Exhibit A, p. 10] On February 21, 2012, petitioner's retained counsel advised petitioner that the application for rehearing had been denied.  He further advised that petitioner had a period of 30 days from that ruling within which to file a writ application to the Supreme Court. [Doc. 1-2, Exhibit A, p. 35]

However, since the application for rehearing was untimely, petitioner had a period of 30 days from January 25, 2012, the date the Court of Appeals rendered and mailed notice of judgment on direct appeal, or, until February 24, 2012, to file a timely application for writs in the

Louisiana Supreme Court.[3] As noted by petitioner, his attorney did not file his application for writs in the Louisiana Supreme Court until March 15, 2012, more than 2 weeks after the Rule X deadline had passed.[4] Thereafter, on June 22, 2012, the Supreme Court denied writs without comment. *State of Louisiana v. Adrian Lamar Cook*, 2012-0640 (La. 6/22/2012), 91 So.3d 969. [Doc. 1-2, Exhibit A, p. 33] However, since petitioner's application for *certiorari* was untimely, petitioner's judgment of conviction became final by the "expiration of the time for seeking" further direct review on February 24, 2012, when the Rule X deadline expired. *See Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008).[5]

---

[3] See Supreme Court Rule X, §5(a) which provides in pertinent part: "An application seeking to review a judgment of the court of appeal either after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted."

[4] Petitioner did not provide a copy of the writ application.  However, elsewhere he alleged that the pleading was filed on March 15, 2012. [Doc. 1-1, p. 7, "... appellate counsel took thirty days from the February 15, 2012 denial of Mr. Cook's [application for rehearing] and applied for Writs of Certiorari to the Louisiana Supreme Court on March 15, 2012..."]

[5] In *Butler*, the Fifth Circuit analyzed a similar scenario and concluded: "Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.") Furthermore, it does not appear that petitioner either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application. *Compare Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d  647; *see also Butler*, 533 F.3d at 319 (" ... there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte*

Petitioner had one year from that date, or until February 24, 2013, within which to file a timely petition for *habeas corpus*. Petitioner cannot rely upon statutory tolling as provided by §2244(d)(2) because he did not file his otherwise timely application for post-conviction relief in the First Judicial District Court until May 21, 2013, and, by that time, the AEDPA's one year period of limitation had already expired and could not be revived. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

### 2. Equitable Tolling

As previously noted, petitioner concedes that his petition is untimely; however, he argues that he is entitled to equitable tolling of the limitations period based on retained "... appellate counsel's misinterpretation..." of Louisiana Supreme Court Rule X, §5(a) and La. C.Cr.P. art. 922 (A), (B), (C), and (D).

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*,

---

extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely.")

442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Moreover, equitable tolling is not warranted when an attorney merely commits error or neglect. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002); *United States v. Petty*, 530 U.S. 361, 367 (5th Cir.2008) citing *Riggs*, 314 F.3d at 799; *Brown v. Thaler*, 455 Fed. Appx. 401, 407 (5th Cir.2011).  Petitioner himself has conceded that his retained appellate attorney misinterpreted the applicable time limits. Clearly, petitioner is not entitled to equitable tolling by virtue of mere attorney error or neglect.

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable tolling.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, April 13, 2015.

**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**